THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MILTON D. BATCHELDER, Defendant-Appellee.

Third District    No. 81-578

Opinion filed July 8, 1982.—Rehearing denied September 3, 1982.

HEIPLE, J., specially concurring.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for the People.

No brief filed for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the prosecution of a defendant's acquittal of drunken driving. The defendant-appellee entered no appearance in the

appeal and filed no brief. The appellant did not request oral argument. Accordingly, this appeal was taken for consideration and disposition on the brief of the appellant.

What in fact happened in this case was that a police officer stopped a car for erratic driving and asked the driver if he had been drinking. The driver responded, "Yes, I'm drunk." When the officer attempted to testify to this conversation, the trial judge sustained an objection because the defendant had not been given his *Miranda* rights. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The prosecution, on the sustaining of this objection, requested an interlocutory appeal, which was refused. Over objection of the prosecution, the trial continued without this incriminating evidence, and a judgment of acquittal was entered.

The threshold question is whether appellate jurisdiction attaches. It does not. The prosecution's right to appeal in criminal cases is controlled by the language of Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), which provides in pertinent part:

> "In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in Section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

There was no dismissal in this case. The trial court entered an order with a finding of "not guilty" at the close of the trial. This order constitutes an acquittal of Batchelder and is not appealable. Ill. Const. 1970, art. VI, sec. 6; Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)(1).

Having determined that this court does not have appellate jurisdiction, we therefore dismiss this appeal.

Appeal dismissed.

BARRY, P. J., concurs.

JUSTICE HEIPLE, specially concurring:

I agree with the dismissal of the People's appeal for the reasons stated in the majority opinion. The opinion is remiss, however, in failing to point out the trial judge's error. It deserves to be pointed out because the judge's error resulted in the acquittal of an obviously guilty drunken driver. Thus, justice has miscarried.

The effect of the trial judge's ruling was devastating to the prosecution's case. Defendant's statement, "* * * Yes, I'm drunk.* * *" was,

figuratively, the cap on the bottle. The evidence of defendant's erratic driving, coupled with his admission of drunkenness, would most certainly have resulted in a conviction.

The prosecution claims that the court's ruling is, in reality, the granting of a motion to suppress. If it were that type of ruling, it would be reachable by an interlocutory appeal. It is not such a ruling. The objection was not raised by way of a motion to suppress. It was raised during trial as an evidentiary objection. Thus, it is not appealable.

The prosecution raises the point that the ruling of the trial court was erroneous. Indeed, it was. A fair reading of *Miranda v. Arizona* does not lead one to believe that the principles therein enumerated were intended or designed to apply to informational questioning by a traffic officer at the scene of a traffic stop which are related to the facts and circumstances surrounding the stop. This needs to be pointed out even though, for constitutional reasons of double jeopardy, the appellate court is unable to grant the prosecution the new trial requested by this appeal. Routine questions following a proper traffic stop are not the type of custodial interrogation envisioned by *Miranda*. The detention in the instant case was merely investigatory and not custodial in nature and, as such, did not require the giving of the *Miranda* warnings. (See *People v. Tate* (1970), 45 Ill. 2d 540; *Allen v. United States* (D.C. Cir. 1968), 390 F. 2d 476; *State v. Dubany* (1969), 184 Neb. 337, 167 N.W. 2d 556.) Thus, Judge Whitney's ruling was wrong. An obviously guilty defendant was erroneously acquitted.

The defendant in this case was represented before Judge John Whitney by attorney Robert Jones of Peoria. Earlier this year, in the case of People v. Louis C. White, Docket No. 81-413, in a nonpublished special concurring opinion, I had another occasion to point out a gross error of this same judge. Attorney Jones was also representing the defendant in that case. It, too, involved dismissal of the prosecution's appeal because the matter was procedurally nonappealable. It, too, resulted in a miscarriage of justice. A guilty man was acquitted because of an erroneous ruling by Judge Whitney.

That case involved a prosecution for driving with a suspended license. It was a bench trial. During the prosecution's case, the prosecuting attorney offered a certified document from the Illinois Secretary of State which showed that the defendant's driver's license was suspended on the day in question.

Attorney Robert Jones, representing the defendant, offered the pettifogging objection that the police officer who was testifying did not know when the document had arrived at the police station, nor how it got there, nor if it arrived in an envelope sealed or otherwise, nor if it did arrive in an envelope, who extracted it from the envelope or initially

received the envelope, or whether the envelope itself bore postage or purported to be sent by the Secretary of State, or what happened to the envelope after it was received. This is a chain of custody type objection which is wholly immaterial to the offer of a certified document. Regrettably, the judge swallowed it and sustained the objection to the admission of the document. Given that ruling, the prosecution's case was in total collapse and the defendant was accordingly acquitted.

In my concurring opinion, I directed Judge Whitney's attention to Cleary's Handbook of Illinois Evidence, specifically section 901.2 dealing with chain of custody and section 902.2 dealing with certified copies of public records and the numerous cases therein cited. E. Cleary and M. Graham, Handbook of Illinois Evidence secs. 901.2, 902.2 (3d ed. 1979).

All the king's horses and all the king's men could not put Humpty-Dumpty back together again. So it is with trials. Many errors which occur at the trial level are simply not reachable on appeal. A calculating defense attorney and a complaisant judge can converge in cases to defeat the administration of justice. That such happened in the cases discussed above is obvious. I point this out in the interest of justice.