THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS LAXTON, Defendant-Appellee.

Third District    No. 3—85—0316

Opinion filed January 3, 1986.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Scot A. Silzer, of Palos Heights, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Thomas Laxton, was charged with driving under the influence, improper lane usage, and improper use of registration. The State appeals from the trial court's finding of not guilty on the instant traffic citations. We dismiss the appeal.

The history in this case is somewhat unusual. The defendant was charged by Illinois State Police traffic citation and complaint forms. The citations stated that they were issued for Cook County and that the offenses were committed on "Ill Rt 43 Southbound I-80 to 19000 South." They were returnable to a Cook County branch court.

The defendant came to trial in Will County on the citations. The record includes no verbatim trial transcript but does include the State's proposed report of proceedings, which has been certified (87 Ill. 2d R. 323(c)), as answered by the defendant and amended by the trial court.

At the defendant's trial, the State presented its evidence that the defendant committed in Will County the offenses of driving under the influence, improper lane usage, and improper use of registration. Following closing arguments, the court questioned why it was trying Cook County citations. The issue of venue was not raised earlier. The State responded that the Cook County Assistant State's Attorney had had venue transferred from Cook County to Will County when he determined that the offenses had occurred in Will County, not in Cook County. The court found no transfer order of record on the trial date.

The State did not move to amend the charges, and the defendant asserted for the first time of record that he did not waive venue. The court specifically found the defendant not guilty on the three Cook County complaints. The court also found the defendant not guilty of a fourth traffic charge. While no copy of that charge is included in the record, a docket entry for the instant cause states that the charge was for driving with breath alcohol concentration of .10 or more, and that it was filed on the date of the Will County trial.

The State appeals from the court's orders following the trial. According to the State, those orders are appealable as they merely purport to be findings of not guilty and are not, in fact, acquittals. The State characterizes the orders as dismissals procured by the defendant and based solely on the court's erroneous conclusion that venue was improper. Accordingly, the State argues initially that the orders are appealable under Supreme Court Rule 604(a)(1) and section 114–1(a)(7) of the Code of Criminal Procedure of 1963. (87 Ill. 2d R. 604(a)(1); Ill. Rev. Stat. 1983, ch. 38, par. 114–1(a)(7).) The State argues on the merits that the court improperly dismissed the complaints.

The defendant argues that double jeopardy and the defendant's acquittal render the instant orders unappealable. We agree with the defendant.

The State's right to appeal in a criminal case is controlled by Supreme Court Rule 604(a)(1) which, in pertinent part, allows appeal "from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114–1 of the Code of Criminal Procedure of 1963 ***." (87 Ill. 2d R. 604(a)(1).) Section 114–1 provides that the court may dismiss a charge upon any of several grounds, including that the county is an improper place of trial. (Ill. Rev. Stat. 1983, ch. 38, par. 114–1(7).) In specifically limiting the State's right to appeal, the Illinois Constitution provides that there shall be no appeal from a judgment of acquittal after a criminal trial on the merits. Ill. Const. 1970, art. VI, sec. 6.

In urging us to find the trial court's orders were dismissals, not acquittals, the State relies primarily on *People v. Deems* (1980), 81 Ill. 2d 384, 410 N.E.2d 8, and on *People v. Seaberry* (1980), 86 Ill. App. 3d 369, 408 N.E.2d 51. In *Deems*, the trial court effectively denied the State's pretrial motion to dismiss an unfounded charge that the defendant had received stolen property. Rather, the court called the case for trial and entered an acquittal following no opening statements and no testimony. The supreme court allowed the State's appeal from both the acquittal and the trial court's dismissal, on double

jeopardy grounds, of the subsequently filed theft charge. In *Seaberry*, the court allowed the State's appeal from an order granting the defendant's motion to reconsider its grant of continuance rather than dismissal based on the State's failure to present any witnesses on the scheduled trial date. In the dismissal order, the court stated that it found the defendant not guilty as the State had presented no witnesses.

This case is unlike both *Deems* and *Seaberry*. Here, the court's order followed a full trial presentation of the State's evidence that the defendant had committed the offenses in Will County. There can be no doubt but that the defendant was placed in jeopardy for those offenses. Although the court's finding of not guilty may have been related to its observation that the charging instrument alleged Cook County offenses while there was no proof of an offense in Cook County, we cannot find that the court's order is appealable as a mere dismissal for improper venue.

The court's order was an effective acquittal and, thus, not appealable by the State. (See *People v. Batchelder* (1982), 107 Ill. App. 3d 295, 438 N.E.2d 1215.) Consequently, the appeal is dismissed.

Appeal dismissed.

STOUDER and WOMBACHER, JJ., concur.