Argued and submitted August 29, 2001, reversed in part; otherwise affirmed
May 29, 2002

# STATE OF OREGON,
## *Respondent,*

*v.*

# WILLIAM FRANKLIN HALL,
## *Appellant.*

## 99020357; A107057

47 P3d 55

Anne Fujita Munsey argued the cause for appellant. On the brief were David E. Groom, Public Defender, and Laura Frikert, Deputy Public Defender.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Collins, Judge pro tempore.

LANDAU, P. J.

### LANDAU, P. J.

Defendant was convicted of contempt and criminal trespass. He appeals, challenging the sufficiency of the evidence as to the criminal trespass conviction only. According to defendant, the undisputed evidence shows that he was given permission to enter the premises by the owner. The state argues that such permission is irrelevant, because defendant violated a court order prohibiting him from entering the premises. We agree with defendant and reverse.

We state the facts in the light most favorable to the state, which prevailed at trial. *State v. Tucker*, 315 Or 321, 325, 845 P2d 904 (1993). Defendant physically assaulted his fiancee, Brown. He was charged with two counts of assault and then released, subject to conditions stated in a release agreement. Although the release agreement itself was not included in the record, it is apparently undisputed that it prohibited defendant from having contact with Brown. Shortly after the release, defendant and Brown began living together at her residence. Approximately two weeks later, police learned that defendant had contacted Brown and charged him with contempt and criminal trespass.

At trial, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that he was not licensed or privileged to enter Brown's residence. According to defendant, the evidence was undisputed that Brown had invited him to stay with her at her home. The state argued, and the trial court concluded, that Brown's invitation was irrelevant in light of the conditions of the release agreement.

On appeal, defendant does not challenge his conviction for contempt. His sole contention is that, on this record, he may not also be convicted of criminal trespass. The state reiterates its argument that, whether or not Brown invited him to her premises, defendant nevertheless was under an obligation not to enter her home by virtue of the conditional release agreement.

ORS 164.255(1) provides, in part, that "[a] person commits the crime of criminal trespass in the first degree if the person * * * [e]nters or remains unlawfully in a dwelling." To "enter or remain unlawfully" means

"[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]"

ORS 164.205(3)(a). As we explained in *State v. Lucio-Camargo*, 172 Or App 298, 306, 18 P3d 467 (2001), that definition was adopted from the New York Penal Law in 1971 and was intended to ground the crime of criminal trespass in traditional property law, specifically the law of trespass to property. Thus, when a person has received an invitation from the owner of the property to enter, consistently with principles of common-law trespass, that invitation generally is sufficient to establish that the entrant was "licensed or privileged" to do so within the meaning of ORS 164.205(3)(a). *See, e.g., State v. Felt*, 108 Or App 730, 733, 816 P2d 1213 (1991), *rev den* 313 Or 75 (1992) (consent of owner made entry "licensed or privileged" within meaning of statute).[1] Of course, if the person issuing the invitation to enter lacks authority to do so, the invitation may not have the effect of making the entry licensed or privileged. Thus, in *State v. Hartfield*, 290 Or 583, 595, 624 P2d 588 (1981), the Oregon Supreme Court explained:

"Where one is permitted or invited to enter premises, not open to the public, the state must prove two elements in order to establish that his entry is 'not otherwise licensed or privileged.' The state must prove that the person extending the permission or invitation was without actual authority to do so and that the entrant knew or believed there was no such actual authority."

In this case, there is apparently no dispute that Brown invited defendant onto her premises. The only questions, therefore, are whether the state proved (1) that, under basic principles of property law, she lacked actual authority

---

[1] New York decisions construing the statute on which ORS 164.205(3)(a) was based likewise hold that an owner's permission generally establishes that entry is "licensed or privileged." *See, e.g., People v. Graves*, 555 NE2d 268, 269 (NY 1990) ("In general, a person is 'licensed or privileged' to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent."); *People v. McCargo*, 641 NYS2d 322, 324 (NY App Div 1996) (owner's permission creates "license or privilege" to enter premises).

to extend that invitation and (2) that defendant knew or believed that she lacked actual authority to do so.

■ We begin with whether Brown lacked actual authority to invite defendant onto her premises. As a general rule, one of the incidents of property ownership is the right to invite other persons to use property or, conversely, to exclude them from doing so. *See, e.g.,* Robert A. Cunningham et al., *The Law of Property* § 7.1, 411 (1984) (right to invite or to exclude "is the most nearly absolute of the many property rights that flow from the ownership or other rightful possession of land"). That much the state does not contest. The state's argument is that an owner's right to invite or to exclude may be limited by court order; thus, in this case, the conditional release order had the effect of depriving Brown of authority to allow defendant to enter her property.

■ Assuming for the sake of argument that a court order can limit a property owner's authority to invite others onto his or her premises, the state does not explain—and we do not understand—how an order to which the property owner is not a party can have that effect. The only authority that the state cites is ORS 107.718(1), but that statute demonstrates the very flaw in the state's argument. ORS 107.718(1) permits a victim of abuse to obtain an order barring the abuser from the victim's residence or a reasonable area surrounding the victim's residence. In that circumstance, the victim is a party to the restraining order, and, at least arguably, his or her rights may be affected thereby. In contrast, in this case, Brown did not request any such restraining order. Defendant signed a conditional release order that restrained *him* from engaging in certain conduct. But nothing in the record of this case suggests that the conditional release order limited *Brown's* authority to invite whomever she pleased to her residence. In short, the state failed to establish that Brown lacked actual authority to invite defendant onto her premises.

Likewise, and in any event, the state failed to establish that defendant knew or believed that Brown lacked actual authority to extend an invitation to enter her residence. No evidence at all was elicited about that requirement.

We conclude that the state failed to establish that defendant was not "licensed or privileged" to enter Brown's premises. Accordingly, the trial court erred in denying defendant's motion for a judgment of acquittal.

Conviction for criminal trespass reversed; otherwise affirmed.