Argued and submitted November 8, 2006, affirmed May 30, petition for review denied November 1, 2007 (343 Or 366)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAYSHAWNDO JILTEN MAXWELL, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
031034988; A126049

159 P3d 1255

David J. Celuch argued the cause and filed the brief for appellant.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant was convicted, after a trial to the court, of two counts of felony assault in the fourth degree, ORS 163.160, and one count of burglary in the first degree, ORS 164.225. Defendant appeals, challenging only the burglary conviction. He contends that the evidence was insufficient to establish that he unlawfully entered and remained on the victim's premises. Viewing the evidence in the light most favorable to the state, we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, *State v. Tucker*, 315 Or 321, 325, 845 P2d 904 (1993), and affirm.

The victim sought and obtained a restraining order against defendant under the Family Abuse Prevention Act (FAPA), ORS 107.718 to 107.728, ordering that defendant was "restrained (prohibited) from intimidating, molesting, interfering [with] or menacing" the victim or her children. The order further restrained defendant from entering the victim's residence, the area surrounding the victim's residence, or the area within 100 yards of the victim's residence.

Subsequently, three police officers responded to a call to provide medical assistance to a person at the victim's residence and found the victim bleeding. The police found defendant in the residence and took him into custody. At trial, Officer Sparling testified that, when they arrived at the scene, the victim reported that defendant had broken into her house, assaulted her, and then fled. Sparling also testified that, after police found defendant, the victim told Sparling that defendant had been waiting for her when she had arrived home with her son and, as she attempted to pull into her garage, he grabbed her keys and ordered her to shut the garage door and to go into the house. There was also evidence that, subsequent to the FAPA order, defendant and the victim had reconciled and that, at the time of the charged offenses, they were living together.

To establish that defendant committed burglary, the state was required to prove that defendant entered or remained unlawfully on the victim's premises. ORS 164.225;

ORS 164.215. As defined in ORS 164.205(3)(a), "enter or remain unlawfully" means:

> "To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]"

The state introduced the FAPA restraining order and the officer's testimony to establish that defendant did not have license to enter the victim's house and that he had entered without permission. Defendant contended that he had the victim's permission to enter her house and, in fact, was living there. The trial court explicitly did not resolve the factual question whether the victim had invited defendant to her house. Rather, the court explained, it made no difference whether defendant entered the home with or without the victim's permission. The court reasoned that, even assuming that defendant had been invited to the victim's home, in light of the restraining order, the victim was without authority to give him permission to enter the residence. The court concluded, therefore, that defendant had entered without license to do so.

On appeal, citing *State v. Hall*, 181 Or App 536, 538, 47 P3d 55 (2002), defendant challenges that reasoning, contending that, although defendant may have violated the restraining order by entering the victim's house, the conduct did not result in an unlawful entry for purposes of the crime of burglary, because the victim, although a party to the restraining order, retained authority to exercise her rights as a property owner and to give defendant permission to enter her house, and there is evidence that she in fact did give him permission. The state counters that the restraining order is dispositive of the question whether defendant had permission to enter the victim's house and that, in any event, the evidence supports a finding that defendant did not have permission.

In *Hall*, the defendant was subject to a conditional release agreement that prohibited him from having contact with his fiancée, Brown. Shortly after defendant's release, he and Brown began living together at her residence. Police learned of the violation of the release agreement, and the

defendant was charged with and convicted of contempt and criminal trespass. The offense of criminal trespass, as with burglary, requires that the state prove that the defendant entered and remained unlawfully in a dwelling. ORS 164.255(1)(a). The defendant appealed, challenging the trespass conviction, asserting that the state had not proved that he was not licensed or privileged to enter Brown's home. We agreed with the defendant's contention that he had permission to enter the dwelling, explaining that, although the defendant may have been in contempt of the release agreement, the release agreement had not deprived Brown of her right as an owner of property to invite defendant onto her premises. We concluded that, in light of Brown's invitation, the state had failed to establish that the defendant was not licensed or privileged to enter Brown's premises. Here, defendant contends that, as in *Hall*, the FAPA restraining order did not limit the victim's right, as the owner of her premises, to invite defendant to live with her, and the evidence could support the finding that she had done so.

As we noted in *Hall*, a FAPA order issued pursuant to a victim's request under ORS 107.718(1) is distinguishable from a release agreement. We commented in that case that, although the release order did not deprive Brown of authority to allow the defendant to enter her property, the rights of a victim who is a party to a FAPA order "may be affected thereby." 181 Or App at 540. Here, although the FAPA order issued against defendant placed no express restrictions on the victim, she is a party to the restraining order and, as we stated in *Hall*, arguably she might thus be prohibited from inviting defendant to enter her property. However, we need not resolve that issue here. Defendant seeks to have his conviction overturned based on the insufficiency of evidence that he unlawfully entered and remained on the premises.[1] As the

---

[1] Defendant made that argument to the trial court in closing argument. We treat it as a motion for judgment of acquittal. *See, e.g., State v. Gonzalez*, 188 Or App 430, 721 P3d 573 (2003). Defendant does not argue on appeal that the trial court failed to make a finding on a material element of first-degree burglary when it convicted him of that crime. We therefore do not consider whether the trial court erred in doing that. *See, e.g., State v. Schodrow*, 187 Or App 224, 231-32, 66 P3d 547 (2003) (notwithstanding sufficiency of evidence to withstand motion for judgment of acquittal, conviction can be reversed and new trial granted when defendant seeks that relief on appeal in court-tried case in which court failed to make finding on material element of crime).

state argues, even without the restraining order, viewing the evidence in the light most favorable to the state, it is sufficient to support a finding that defendant entered the victim's premises unlawfully. We agree: the victim reported to Sparling that defendant had broken into the house. We accordingly affirm defendant's conviction.

Affirmed.