Submitted May 27, judgment of conviction for first-degree criminal trespass reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass and for resentencing December 3, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EDWARD LIONEL KLEIN, SR.,
*Defendant-Appellant.*

Curry County Circuit Court
12CR0436; A152463

342 P3d 89

Peter Gartlan, Chief Defender, and Alice S. Newlin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Preusch, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Mooney, Judge pro tempore.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant, who was convicted of first-degree criminal trespass, ORS 164.255, appeals, contending that the trial court erred in denying his motion for judgment of acquittal. He asserts that he did not unlawfully enter or remain in a dwelling as required for first-degree criminal trespass. As explained below, we agree that the trial court should have granted defendant's motion for judgment of acquittal. Accordingly, we reverse.

In reviewing the denial of a motion for judgment of acquittal, we state the evidence in the light most favorable to the state. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); *State v. Alvarado*, 257 Or App 612, 614, 307 P3d 540 (2013).

Defendant shared a mobile home with his mother (Nash), who rented a space for the mobile home in a mobile home park owned by Wilson. When Nash fell behind on the rent for the space, Wilson brought a legal proceeding against her and ultimately obtained a writ of execution returning the premises to his possession. A sheriff's deputy posted a notice that the occupants of the space had been "evicted by an order of the court" and that "trespassing or entering into or upon these premises without written consent of the landlord [would] result in arrest and prosecution." (Capitalization omitted.) Thereafter, defendant reentered the mobile home, which remained in the space at the mobile home park. Wilson, who had not given defendant permission to enter the property, notified the police and, as a result, defendant was arrested and charged with first-degree criminal trespass.

At the close of the state's case, defendant moved for a judgment of acquittal on the charge of first-degree criminal trespass. He contended that, although the landlord was entitled to possession of the real property, the mobile home was separate. According to defendant, "as long as his mother gave him permission to be in [the mobile home], * * * they don't have a Trespass I because that requires trespassing into the residence itself. And, granted, that you can't be in the residence itself without being on the real property, but we feel as a matter of law that he did not commit Trespass I." The trial court denied the motion, and the jury found defendant guilty of first-degree criminal trespass.

On appeal from the resulting judgment, defendant renews the argument he made before the trial court. In particular, he contends that the "trial court erred when it denied [his] motion for judgment of acquittal because, though defendant unlawfully entered the premises and committed criminal trespass in the second degree, defendant did not unlawfully enter or remain in the dwelling, as required for criminal trespass in the first degree." Defendant asserts that he "had license to enter the dwelling but not the premises." Thus, "when defendant entered onto the landlord's premises, he committed second degree criminal trespass. But when he continued into the dwelling," that was not an additional unlawful entry. Rather, in his view, the landlord had "no property rights in the dwelling" and could exclude persons from it "only because it [was] located on the landlord's real property." The state, for its part, asserts that the writ of execution "granted the park owner lawful possession of the mobile home" and, accordingly, the park owner could "exclude others from the mobile home and not just the land it sits upon." (Internal quotation marks omitted.) We agree with defendant.

Under ORS 164.255(1), a "person commits the crime of criminal trespass in the first degree if the person * * * [e]nters or remains unlawfully *in a dwelling*[.]"[1] (Emphasis added.) Under ORS 164.205(3)(a), the phrase "[e]nter or remain unlawfully" is defined as entering or remaining "in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]" That definition was "intended to ground the crime of criminal trespass in traditional property law[.]" *State v. Hall*, 181 Or App 536, 539, 47 P3d 55 (2002). Thus, "when a person had received an invitation from the owner of the property to enter, consistently with the principles of common-law trespass, that invitation generally is sufficient to establish that the entrant was 'licensed or privileged' to do so[.]" *Id.* As the Supreme Court explained in *State v. Hartfield*, 290 Or 583, 595, 624 P2d 588 (1981),

---

[1] In contrast, a person "commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or *upon premises*." ORS 164.245(1) (emphasis added). Premises "includes * * * any real property[.]" ORS 164.205(6).

"[w]here one is permitted or invited to enter premises, not open to the public, the state must prove two elements in order to establish that his entry is 'not otherwise licensed or privileged.' The state must prove that the person extending the permission or invitation was without actual authority to do so and that the entrant knew or believed there was no such actual authority."

Similarly, as defendant points out, a person who has no property rights in a dwelling "cannot exclude the dwelling's owner from it for the purposes of the" first-degree criminal trespass statute. "As a general rule, one of the incidents of property ownership is the right in invite other persons to use property or, conversely, to exclude them from doing so." *Hall*, 181 Or App at 540.

Here, it is undisputed that Wilson owned the space on which the mobile home was parked but did not own the mobile home itself. The court's judgment in the eviction proceedings gave Wilson restitution of the premises of the space in the mobile home park. The writ of execution of judgment of restitution provided that judgment had been rendered in an eviction action for the possession of the premises of space "#18 of Benham Lane Mobile Home Park" and stated that the possession of those premises was to be returned to Wilson. The judgment and the writ of execution pertained to the space in the mobile home park that Wilson had rented to Nash. They did not purport to give Wilson an exclusive right to possess or occupy the residence itself. As well, the eviction trespass notice posted on the premises by the sheriff stated that "any personal property present on these premises at the time this notice was served *** is in the possession of the landlord and may be redeemed by contacting the landlord/Richard Wilson" at a specified telephone number. (Capitalization omitted.) The state points to that notice in support of its contention that the landlord had the right to possession of the residence. First, we note that the state does not explain how a notice itself, merely by referring to possession, could have the effect of giving the landlord any rights beyond those conferred by statute, court order, or some other legal source. Furthermore, the notice, although it refers to possession of personal property, does not suggest that the landlord has a right to occupy the residence or exclude

the owner or the owner's invitees from it. Contrary to the state's contention, although that notice provides information regarding how to obtain personal property left on the premises, it did not give the park owner rights in the mobile home. To the extent that Wilson could exclude the owner or the owner's invitees from the residence, as defendant points out, that was solely as a result of the fact that the mobile home was located on Wilson's land and Wilson could exclude defendant from the land itself.

The state, nonetheless, cites several provisions of the Residential Landlord and Tenant Act, asserting that the landlord "had some property right" in the mobile home and could therefore exclude defendant from it. We disagree. Pursuant to ORS 90.634(1), "[a] landlord may not assert a lien *** for dwelling unit rent against a manufactured dwelling *** located in a facility." Furthermore, the landlord of a mobile home park that "receives possession of the *facility space* from the sheriff following restitution" pursuant to a writ of execution "may sell or dispose of" the mobile home "as provided in ORS 90.675." (Emphasis added.) That section, in turn, sets forth procedures that the landlord must follow in order to dispose of a manufactured dwelling left in a park. Among other things, the statute (1) contains notice requirements that the landlord must follow prior to storing, selling, or disposing of the tenant's property;[2]

---

[2] The notice must state that

"(a) The personal property left upon the premises is considered abandoned;

"(b) The tenant *** must contact the landlord by a specified date *** to arrange for the removal of the abandoned property;

"(c) The personal property is stored on the rented space;

"(d) The tenant *** may arrange for removal of the personal property by contacting the landlord at a described telephone number or address on or before the specified date;

"(e) The landlord shall make the personal property available for removal by the tenant *** by appointment at reasonable times;

"* * * * *

"(g) If the personal property is considered to be abandoned pursuant to [restitution under a writ of execution], the landlord may not require payment of storage charges prior to releasing the personal property;

"(h) If the tenant *** fails to contact the landlord by the specified date or fails to remove the personal property within 30 days after that contact, the landlord may sell or dispose of the personal property. If the landlord reasonably believes the county assessor will determine that the current market

(2) requires the landlord to store the property on the rented space and exercise reasonable care after providing the notice; and (3) provides procedures that the landlord must follow to sell or dispose of the property if the tenant does not respond to the notice or remove the property. Under ORS 90.675(8), if a tenant responds and seeks to remove the mobile home, "the landlord must make that personal property available for removal by the tenant * * * by appointment at reasonable times during the 30 days following the date of the response[.]" And, if the tenant does not respond and the property is deemed abandoned under the statute, the proceeds of any sale are not kept by the landlord. Instead, pursuant to ORS 90.675(13), the landlord may deduct from the proceeds of the sale any unpaid rent and expenses. Remaining proceeds go to the county tax collector to pay any unpaid taxes and assessments owed, any lienholder to the extent of any unpaid balance on a lien on the property, and, finally, the tenant, who receives any remaining amount along with an itemized accounting.

Those statutory provisions do not give a landlord the right to occupy the dwelling or to exclude the owner or the owner's invitees from the dwelling. Indeed, given that there was no evidence that the landlord provided the notice required by ORS 90.675, it is unclear that the landlord had the right to take any action as to the mobile home. In any event, under the circumstances of this case, those statutes do not give the landlord an interest in the mobile home such that he could be considered to have properly excluded defendant from the residence for purposes of first-degree criminal trespass. Thus, although Wilson could exclude defendant from the land on which the mobile home sat, he did not have a right to also exclude defendant from the residence and, accordingly, the state failed to demonstrate that defendant was not licensed or privileged to enter the dwelling. Thus, the trial court erred in denying defendant's motion for judgment of acquittal on the charge of first-degree criminal trespass.

---

value of the personal property is $8,000 or less, and the landlord intends to dispose of the property if the property is not claimed, the notice shall state that belief and intent[.]"

ORS 90.675(5).

Finally, the state contends that, if we conclude that the trial court erred in denying defendant's motion for judgment of acquittal, we "should remand to the trial court for entry of judgment convicting defendant of second-degree criminal trespass, a lesser-included offense, and for resentencing." We agree.

"An offense is a lesser included offense of another if the facts alleged in the indictment expressly include conduct that describes the elements of the lesser included offense." *State v. Litscher*, 207 Or App 565, 570, 142 P3d 549 (2006) (internal quotation marks omitted). As noted, pursuant to ORS 164.245(1), a person "commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or upon premises." The charging instrument sufficiently alleged those elements, and, in addition, the trial court instructed the jury on that lesser included offense. Furthermore, there is no dispute as to the sufficiency of the evidence as to that offense; defendant conceded before the trial court and again concedes on appeal that he "unlawfully entered the premises and committed criminal trespass in the second degree." Accordingly, we reverse and remand with instructions for the trial court to enter a judgment of conviction for the lesser included crime of criminal trespass in the second degree. *See State v. Touchstone*, 188 Or App 45, 48, 71 P3d 536 (2003) (remanding for entry of a judgment of conviction for a lesser included offense where there was no question as to the sufficiency of the evidence of that offense).

Judgment of conviction for first-degree criminal trespass reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass and for resentencing.