# Illinois Official Reports

## Appellate Court

---

### *People v. Witherspoon*, 2017 IL App (4th) 150512

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCELUS WITHERSPOON, Defendant-Appellant. |
| | |
| District & No. | Fourth District<br>Docket No. 4-15-0512 |
| | |
| Filed | December 6, 2017 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 14-CF-1056; the Hon. Thomas E. Griffith, Judge, presiding. |
| | |
| Judgment | Affirmed in part, reversed in part, and cause remanded with directions. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Adrienne N. River, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and John M. Zimmerman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Under Illinois law, an individual commits home invasion when "*without authority* he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present *** and *** [i]ntentionally causes any injury *** to any person or persons within the dwelling place." (Emphasis added.) 720 ILCS 5/19-6(a)(2) (West 2014).

¶ 2    After an April 2015 bench trial, the trial court found defendant, Marcelus Witherspoon, guilty of home invasion. The court found that defendant entered the dwelling of another without authority because a court order prohibited him from going to or entering that particular residence. Defendant had argued that he had authority because the resident, S.L., consented to his entry. The court rejected that argument and later sentenced defendant to 14 years in prison.

¶ 3    On appeal, defendant argues only that the State failed to prove him guilty beyond a reasonable doubt of home invasion because S.L. consented to his entry. We agree, concluding that a defendant is not guilty of home invasion when, with the resident's consent, he enters that resident's dwelling place even though his doing so is in violation of a court order. Accordingly, we reverse defendant's conviction.

¶ 4                                I. BACKGROUND

¶ 5    In August 2014, the State charged defendant in Macon County case No. 14-CF-0924 with domestic battery and criminal trespass to a residence. S.L. was the alleged victim in that case. On August 10, 2014, defendant was released on bond subject to the conditions that he refrain from (1) contacting S.L., (2) going to her residence, or (3) entering her residence.

¶ 6    In September 2014, the State charged defendant with the following crimes of which S.L. was the alleged victim: home invasion (720 ILCS 5/19-6 (West 2014)), aggravated criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2014)), domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2014)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2014)), and violation of bail bond (720 ILCS 5/32-10(b) (West 2014)). The State alleged that these offenses were committed on August 28, 2014. Before trial, the State dropped the violation of bail bond charge.

¶ 7    In April 2015, defendant's case went to trial, beginning as a jury trial. However, midway through trial, defendant waived his right to a jury, and the trial continued as a bench trial.

¶ 8    At trial, S.L. testified that she previously had a romantic relationship with defendant throughout 2014. On August 28, 2014, around 10 p.m., defendant arrived at her home. She and defendant argued, and defendant left with her phone and keys. S.L. testified that she went to bed, expecting defendant to return the items later. When she awoke around 2 a.m., she discovered defendant standing over her, and he then attacked and raped her. She called the police around 5:30 a.m., and they arrested defendant as he slept at S.L.'s home. Police found three-tenths of a gram of cocaine in his pants. The State also introduced defendant's condition of bond from his earlier pending criminal case, Macon County case No. 14-CF-0924.

¶ 9    Defendant testified that on August 28, 2014, he had been at S.L.'s home and left to get marijuana. When he returned, S.L. opened the door to let him in her residence. Defendant

testified that they had a physical fight, and he defended himself. According to defendant, he had consensual sex with S.L. following the fight.

¶ 10 The trial court found defendant guilty of domestic battery and possession of a controlled substance but not guilty of aggravated criminal sexual assault. The trial court reserved ruling on the home invasion charge so that it could receive further argument from counsel regarding the effect of the bail bond condition. However, when the court so ordered, the court first essentially found that S.L. had consented to defendant entering her residence, with the court's noting that "by [S.L.'s] own testimony[,] [defendant] had authority to enter [S.L.'s] residence." The court further explained that if defendant's violation of the condition of his bail bond that he not enter S.L.'s residence was sufficient "in and of itself" to render his entry as being without authority, "then he is guilty of home invasion." However, if defendant violating that condition of his bail bond was not sufficient, "then he is not guilty of home invasion." The trial court continued the trial so that the parties could brief this issue.

¶ 11 At a subsequent hearing in April 2015, the State argued that "judicial authority is the ultimate controlling factor here as far as authority to enter a residence and trumps any other authority that an individual might attempt to give to another person as far as entering their residence." The State cited subsection (d) of the home invasion statute, which defined "dwelling place of another" to include a dwelling place "where the defendant maintains a tenancy interest but from which the defendant has been barred by a divorce decree, judgment of dissolution of marriage, order of protection, or other court order." 720 ILCS 5/19-6(d) (West 2014). Defendant countered that the authority to enter a dwelling comes from the resident and that S.L. consented to defendant's entry.

¶ 12 The trial court accepted the State's argument and found that defendant entered S.L.'s residence without authority because he violated the conditions of his bond requiring him to stay away from and not enter her residence. The court therefore convicted defendant of home invasion, merged the domestic battery conviction with the home invasion conviction, and sentenced defendant to 14 years in prison. The court also sentenced defendant to serve a concurrent three-year sentence based upon his conviction for possession of a controlled substance.

¶ 13 This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15 On appeal, defendant argues only that the State failed to prove him guilty beyond a reasonable doubt of home invasion. Specifically, defendant contends that he had authority to enter S.L.'s home within the meaning of the home invasion statute because S.L. consented to his entry.

¶ 16 The State counters that defendant entered the victim's residence without authority because a court order prohibited him from going to or entering that residence. The State maintains that a victim's consent cannot override a court order requiring a defendant to not enter a particular residence. Alternatively, because the trial court found defendant guilty of home invasion, the State requests that we affirm the conviction for any reason the record supports.

¶ 17    We disagree with the State's arguments and reverse defendant's conviction for home invasion.

¶ 18                    A. The "Without Authority" Element of Home Invasion

¶ 19    A defendant may not be convicted except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; *People v. Wheeler*, 226 Ill. 2d 92, 114, 871 N.E.2d 728, 740 (2007). When reviewing a challenge to the sufficiency of the evidence, the appropriate standard is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wheeler*, 226 Ill. 2d at 114, 871 N.E.2d at 740; *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A trial court's factual findings are entitled to great weight. *Wheeler*, 226 Ill. 2d at 115, 871 N.E.2d at 740. However, the trial court's construction of a statute is a question of law and is reviewed *de novo*. *People v. Williams*, 393 Ill. App. 3d 77, 81, 910 N.E.2d 1272, 1276 (2009); *People v. Davis*, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002). A conviction will be reversed only when the evidence is so unreasonable, improbable, or unsatisfactory that it justifies reasonable doubt of defendant's guilt. *People v. Smith*, 185 Ill. 2d 532, 542, 708 N.E.2d 365, 370 (1999).

¶ 20                    1. *The Trial Court's Determinations in This Case*

¶ 21    As earlier noted, the trial court here found that S.L. essentially consented to defendant's entry. The trial court reasoned as follows:

"[The] *** issue comes down to the alleged victim's word versus the defendant's word, and in terms of how [these events] occurred[,] I simply can't say with any degree of certainty. When it comes down to the fact that he simply did not have the authority to enter the residence, by the alleged victim's own testimony she said, [']well, he took the keys, and he took the car[,] and I didn't worry about it because I knew he was going to be back.['] So[,] by her own testimony[,] he had authority to enter the residence."

We note that the issue before us is not whether this court would have concluded that "S.L. essentially consented to defendant's entry."

¶ 22    Nonetheless, the trial court found defendant guilty of home invasion based upon its understanding of the holding of *People v. Howard*, 374 Ill. App. 3d 705, 709, 870 N.E.2d 959, 963 (2007). The court explained as follows:

"The court finds on the basis of the plain language of subsection (d) of the home invasion statute and the *Howard*[ ] underlying case that the defendant entered the dwelling of another without authority and intentionally caused a battery, and, therefore, the defendant is guilty of Count I, home invasion. There is a judgment of conviction entered.

The court does believe that the *Howard* case is exactly on point. *** [W]hen [the legislature] amended the statute with subsection (d), the case makes it very clear that to have authority to enter[,] one must have the requisite tenancy interest, which is what the limited authority cases are about, and the possessory interest[,] and when there is the court order barring entry, one does not have the possessory interest.

- 4 -

Therefore, that makes Mr. Witherspoon guilty in this circumstance."

¶ 23                                    2. *This Court's Analysis*

¶ 24        We disagree with the trial court's analysis on two grounds.

¶ 25        First, the plain language of subsection (d) does not address the circumstances of this case, in which the trial court found that S.L. essentially consented to defendant's entry despite the court order prohibiting that entry.

¶ 26        Second, *Howard* dealt with whether a residence was the dwelling place of another. 374 Ill. App. 3d at 709, 870 N.E.2d at 963. The *Howard* court did not reach the issue before this court, which is whether the dwelling place's resident had the authority to give defendant permission to enter her residence despite the court order prohibiting such entry. In *Howard*, the court affirmed the defendant's conviction for home invasion because the defendant entered the dwelling of another without the permission of the tenant. *Id.* at 716, 870 N.E.2d at 968. No court order barring such entry was involved in that case. See *id.* at 713-14, 870 N.E.2d at 966-67. Thus, *Howard* has no bearing on whether a court order negates the consent given by a tenant, which is the issue in this case, as it relates to the "without authority" element of the offense of home invasion.

¶ 27        As earlier noted, the issue in this case is whether the consent of the resident of a dwelling place for a person to enter trumps—for purposes of the home invasion statute—a court order that prohibited that person from entering that dwelling place. Subsection (d) says nothing about that issue and instead addresses a situation in which a person who claims to have some possessory interest in a dwelling place enters it despite a court order telling him to stay away from it. In that situation, *assuming no involvement by the dwelling place's resident*, that person's entry into the dwelling place would be without authority for purposes of the home invasion statute because of subsection (d). But again, in the present case, we have the trial court's finding that S.L. essentially consented to defendant's entry into her residence, so case law addressing whether defendant would have committed a home invasion *absent* that consent is simply irrelevant.

¶ 28        By going to S.L.'s residence and then entering it, defendant might very well have violated conditions of his bail bond that prohibited him from doing so, and we note that the State initially charged him with that offense, among other charges. None of that matters. The only issue before us is the question of whether he entered S.L.'s dwelling place "without authority" because of the condition of his bail bond even though S.L. essentially consented to that entry (as the trial court found). We hold he did not.

¶ 29        People are sovereign in their homes, and the law should be loath to attempt to regulate whom homeowners may permit to enter. This remains true even though a court order exists directing some person to stay away from that residence and to not enter it. The homeowner may simply change her mind or otherwise decide that—for whatever reason—she wishes to admit into her home a person who is otherwise under a court order not to enter. Her decision may be unwise, but it is one that the law must respect, particularly regarding a situation, like this case, where a person charged with a Class X offense may have relied upon that consent.

¶ 30        Our research about the narrow issue before us has not disclosed many cases on point, but the few we found support our conclusion. For instance, in *State v. Hall*, 47 P.3d 55, 56 (Or. Ct. App. 2002), the defendant was convicted of criminal trespass and argued on appeal that

because he was given permission to enter the premises by the owner, he was improperly convicted even though a court order prohibited him from entering those premises. The appellate court agreed with the defendant and reversed his conviction, rejecting the State's argument (which the trial court had accepted) that the owner's invitation to the defendant to enter was irrelevant in light of the conditions of the bond through which the defendant had obtained his release from jail. He had been in jail on an earlier charge involving a claim that he physically assaulted the same victim. The appellate court explained its decision, in part, as follows:

> "As a general rule, one of the incidents of property ownership is the right to invite other persons to use property or, conversely, to exclude them from doing so. *See*, *e.g.*, Robert A. Cunningham et al., *The Law of Property* § 7.1, 411 (1984) (right to invite or to exclude 'is the most nearly absolute of the many property rights that flow from the ownership or other rightful possession of land'). That much the state does not contest. ***

> *** Defendant signed a conditional release order that restrained *him* from engaging in certain conduct. But nothing in the record of this case suggests that the conditional release order limited [*the victim's*] authority to invite whomever she pleased to her residence. In short, the state failed to establish that [the victim] lacked actual authority to invite defendant onto her premises." (Emphases in original.) *Id.* at 57.

¶ 31    Two other decisions of the Court of Appeals of Oregon cited *Hall* approvingly. They are *State v. Maxwell*, 159 P.3d 1255 (Or. Ct. App. 2007), and *State v. Klein*, 342 P.3d 89 (Or. Ct. App. 2014).

¶ 32                                    B. Double Jeopardy

¶ 33    Alternatively, the State argues that even if this court concludes that the trial court erred by finding defendant guilty of home invasion based upon his violation of the conditions of his bail, the evidence nonetheless was sufficient to prove defendant guilty. By making this argument, the State is asking us to second-guess the trial court's finding that S.L. consented to defendant's entry. We decline the State's request to do so.

¶ 34    "In criminal cases[,] the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963 [(725 ILCS 5/114-1 (West 2014))]; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a) (eff. Dec. 11, 2014). If the trial court as trier of fact finds that a defendant is not guilty, the State may not appeal that decision even if the court made a legal error. *Sanabria v. United States*, 437 U.S. 54, 64 (1978); *People v. Laxton*, 139 Ill. App. 3d 904, 906-07, 488 N.E.2d 303, 304 (1986). To do otherwise would subject the defendant to double jeopardy. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10; *People v. Bean*, 135 Ill. App. 3d 336, 338-39, 481 N.E.2d 888, 890-91 (1985).

¶ 35    In this case, the trial court found defendant factually innocent of home invasion due to S.L.'s consent but guilty as a matter of law due to the court order barring him from entering that residence. That is, the court made a specific factual finding that S.L. essentially granted defendant authority to enter her dwelling. However, we have concluded that the court made

an erroneous legal conclusion when it ruled that S.L.'s permission was irrelevant because defendant's entry into S.L.'s residence was in violation of the conditions of his bail bond.

¶ 36    Apparently foreseeing the possibility that this court might so conclude, the State asks us nevertheless to affirm defendant's home invasion conviction. Citing *Beacham v. Walker*, 231 Ill. 2d 51, 61, 896 N.E.2d 327, 333 (2008), the State suggests that this court can affirm defendant's conviction based on "any ground which is called for by the record, regardless of whether the lower court relied on those grounds and regardless of whether the lower court's reasoning was correct." The State further asks this court to review the evidence in the light most favorable to the State. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (2005). However, for the reasons stated, our doing so would violate Illinois Supreme Court Rule 604(a) (eff. Dec. 11, 2014) and the double jeopardy clause of the fifth amendment, which prohibits an appellate court from reversing a trial court's factual findings that resulted in an acquittal.

¶ 37    We reiterate that the trial court has already found defendant *factually* innocent of the home invasion charge. To review the record on appeal in the light most favorable to the State and to then find defendant factually guilty of home invasion (contrary to the trial court's findings) would subject defendant to double jeopardy. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.

¶ 38                                III. CONCLUSION

¶ 39    We reverse defendant's conviction for home invasion and remand for sentencing on his conviction for domestic battery. We otherwise affirm.

¶ 40    Affirmed in part, reversed in part, and cause remanded with directions.